# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 19, 2008

## STATE OF TENNESSEE v. DEMETRY FITZGERALD CONLEY

**Appeal from the Circuit Courts for Marshall County and Lincoln County**
**Nos. 17437, 17438 and S0700004, S0700062    Robert Crigler, Judge**

---

**No. M2007-01667-CCA-R3-CD - Filed July 9, 2009**

---

JAMES CURWOOD WITT, JR., J., dissenting.

I respectfully depart from the majority's determination that Tennessee Code Annotated section 40-35-501(a)(3)'s mandate for release of a defendant operates upon the aggregate sentencing from two or more counties.

The Lincoln County effective sentence of two years was to be served via split confinement of 365 days in jail followed by probation for a year. *See* T.C.A. § 40-35-306(a) ("A defendant receiving probation may be required to serve a portion of the sentence in continuous confinement for up to one (1) year in the local jail or workhouse, with probation for a period of time up to and including the statutory maximum time for the class of the conviction offense."). Code section 40-35-501(a)(3), however, provides that "inmates with felony sentences of two (2) years or less shall be have the remainder of their original sentence suspended upon reaching their release eligibility date." *Id.* § 40-35-501(a)(3) (clause one). Thus, had the defendant been sentenced to the Department of Correction (TDOC), the confinement on the Lincoln County aggregate sentence would end upon service of 30 percent or 7.2 months. As a result, the trial court could not have imposed a period of incarceration on the split confinement in excess of 7.2 months. *See State v. Sutton*, 166 S.W.3d 686, 690 (Tenn. 2005); *see also, e.g.*, *State v. Gary M. Carter*, No. M2006-02341-CCA-R3-CD (Tenn. Crim. App., Nashville, Feb. 21, 2008); *State v. Kristi Dance Oakes*, No. E2006-01795-CCA-R3-CD (Tenn. Crim. App., Knoxville, Sept. 27, 2007); *State v. Henry Marshall, Jr.*, No. W1999-01159-CCA-R3-CD (Tenn. Crim. App., Jackson, Jan. 26, 2001).

The Marshall County effective sentence of six years essentially resulted from the consecutive alignment of four 18-month Marshall County sentences. Although each such Marshall County conviction resulted in an effective sentence of two years or less, the Marshall County aggregate sentence of six years was not subject to the release mandate of Code section 40-35-501(a)(3) – clause one – as quoted above because that subsection also provides that the "release shall

not occur for sentences of two (2) years or less when the sentences are part of a consecutive sentence whose term is greater than two (2) years." *Id.* (clause two). Thus, for the aggregate Marshall County sentence of six years, the trial court was empowered to impose pursuant to Code section 40-35-306(a) a sentence of split confinement requiring the continuous service of 365 days, or essentially 12 months, in jail followed by a community corrections placement.

Applying clause one of Code section 40-35-502(a)(3) to the two-year Lincoln County effective sentence separately from the Marshall County effective sentence, the defendant's total release eligibility in all of his cases would be 19.2 months (7.2 months for the Lincoln County cases and 365 days for the Marshall County cases). Thus, the trial court would not have been empowered to impose two 365-day periods of incarceration had it treated the two-year Lincoln County sentence as separate from the six-year Marshall County sentences.

If the trial court was empowered to aggregate the Lincoln County and Marshall County effective sentences for purposes of applying Code section 40-35-501, then the majority is correct that the defendant would no longer be subject to automatic release upon the service of 30 percent of the two-year Lincoln County sentence. *See* T.C.A. § 40-35-501(a)(3).[1] However, even if the effective sentences could be aggregated in the manner proposed by the majority for the application of clause two of Code section 40-35-501(a)(3), the trial court would still not have been empowered to impose two 365-day periods of incarceration. Code section 40-35-306 states that a defendant "may be required to serve a portion of *the sentence* in continuous confinement for up to one (1) year." (Emphasis added.) Thus, the greatest period of incarceration that the trial court could have imposed on the aggregate eight-year sentence was 365 days. Nothing in our statutory sentencing scheme would permit the trial court to aggregate the Marshall and Lincoln County sentences for purposes of avoiding the determinate release provision in Code section 40-35-501(a)(3) and then treat the sentences from each county separately for purposes of imposing two separate periods of split confinement. The record establishes that the trial court intended to do exactly that.

Furthermore, I believe that, in the present case, the trial court's authority to impose two separate, maximum periods of continuous split confinement was limited by the origin of the blocks of cases from two counties. As a practical matter, the imposition of two 365-day confinement terms was facilitated by Lincoln and Marshall Counties' inclusion in the same judicial district. *See id.* § 16-2-506 (17)(A) ("The seventeenth judicial district consists of the counties of Bedford, Lincoln, Marshall, and Moore."). This, in my view, does not mean that the judge of the circuit court in Lincoln County had the power to sentence the defendant outside the bounds of Code section 40-35-501(a)(3) just because he also presided over the court in Marshall County where the other block of convictions was pending.

The problem of articulating the sentence rendered by a court of a particular county at any point in time with the sentence rendered by a court in a different county at a different time is introduced into our polity by Tennessee Rule of Criminal Procedure 32(c)(2)(a), which empowers

---

[1] A straight 30-percent release calculation on the total effective sentence of eight years would be 28.8 months.

a court to determine whether a newly imposed sentence will run consecutively to or concurrently with sentences imposed by "other courts of Tennessee." *See* Tenn. R. Crim. P. 32(c)(2)(A). In resolving the articulation problem in the present case, I am guided by the statutory clues that speak to the issue of split confinement sentences. As I have noted, "[a] defendant receiving probation may be required to serve a portion of the sentence in continuous confinement for up to one (1) year in the local jail or workhouse." T.C.A. § 40-35-306(a). A similar focus upon the up-to-one-year term for split confinement is found in Code section 40-35-314(a). In mandating the service of certain sentences in the local jail or workhouse, that section says that "if the sentence is eight (8) years or less and combined with periodic or split confinement not to exceed one (1) year, the court shall designate the place of confinement as a local jail or workhouse." *Id.* § 40-35-314(a). Thus, in the present case, the split confinements in both counties were local confinements and not a placement in the department of correction. *Cf. Shorts v. Bartholomew*, 278 S.W.3d 268, ___, slip op. at 12 (Tenn. Feb. 20, 2009) (observing that because split confinement sentences "are limited to continuous confinement of no more than one year in a county jail or workhouse, followed by probation," "the TDOC does not become involved").

In this situation, I do not believe that the second clause in Code section 40-35-501(a)(3) counters the provision in the first clause of that section which limits the confinement service time for a sentence of two years or less to the release eligibility time provided in the general law. As noted above, the second clause in Code section 40-35-501(a)(3) provides that the automatic release mandated by the first clause "shall not occur for sentences of two (2) years or less when the sentences are part of a consecutive sentence whose term is greater that two (2) years." T.C.A. § 40-35-501(a)(3). The provision does suggest that, at least for simultaneous sentencing in multiple cases before one court, the time-period designations are meant to apply to the aggregate of such sentencing. However, as I have also noted above, a court utilizing split confinement could confine the multiple offender in its court to only one aggregate term of up to one year. For example, in a hypothesis where the Lincoln County two-year effective sentence with a year of confinement was imposed *prior to* the imposition of a consecutive, six-year effective, split-confinement sentence in Marshall County, I would struggle to see how the later imposition could retroactively change the

legal bounds of the prior sentencing in Lincoln County.[2]  If it could not, then I do not see how the result could be different because the sentences were simultaneously imposed.

For that reason, I would have applied the first clause of Code section 40-35-501(a)(3) to limit determinately the confinement time of the Lincoln County effective sentence to 7.2 months.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[2] *Cf. Johnathon Christopher Hood v. State*, No. M2005-01310-CCA-R3-PC (Tenn. Crim. App., Nashville, June 9, 2006). In *Johnathan Christopher Hood*, the post-conviction petitioner claimed that he received the ineffective assistance of counsel when his trial lawyer counseled him to plead guilty to reckless endangerment, a Class E felony, and to accept a one year sentence in the department of correction with a 30-percent release eligibility. *Id.*, slip op. at 3.  In the post-conviction hearing, a representative of TDOC's probation and parole division testified that, prior to the entry of the guilty plea under attack, the petitioner had been convicted of another offense and sentenced to a term of two years. *Id.*, slip op. at 2.  She further testified that, because of the prior two-year sentence and, apparently, the impact of the second clause of Tennessee Code Annotated section 40-35-501(a)(3), the petitioner was not eligible for "automatic determinate release and would be required to go before the parole board." *Id.*.  Both the post-conviction court and the court of criminal appeals rejected the petitioner's claim that his trial counsel's failure to warn him about the effect of the prior conviction upon this release status in the second case equated to ineffective assistance of cousnel. *Id.*, slip op. at 7. In a footnote, this court commented that the second conviction "disqualified [the petitioner] from determinate release." *Id.*, slip at 3 n. 2.

In response to this dicta, I point out that the second sentence – if not both sentences – placed Mr. Hood in the department of correction.  The second sentence did not involve split confinement, and insofar as the opinion reflects, the first conviction did not involve split confinement.  Additionally, while the imposition of the second sentence might have deprived Mr. Hood of automatic release, it would not have changed his 30 percent release eligibility percentage.